Case 1:21-cr-00002-SPW   Document 51   Filed 01/08/24   Page 1 of 1

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Montana

| | |
|---|---|
| United States of America<br>v.<br>Eric Kendrick Buchanan | Case No: CR-21-2-BLG-SPW<br>USM No: 31094-509 |
| Date of Original Judgment: 03/16/2022<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Part A of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 50.) Defendant is clearly ineligible. Part A limits the overall criminal history impact of "status points" for offenders who committed the instant offense while under a criminal justice sentence. *See* USSG Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023). "A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017); USSG §1B1.10(a)(2)(B) (2023).

Here, Defendant received two "status points," which raised his criminal history score from 17 to 19. (Doc. 42 (PSR) ¶ 42.) However, reducing Defendant's criminal history score by one point would not change his criminal history category of VI. *See* USGG Ch. 5 Part A, Sentencing Table. Defendant also received a downward variance and was sentenced to 120 months, which is below the 151–188-month guideline range. (*See* Doc. 40 (Judg.) at 1–2.) Because Defendant is clearly ineligible for a sentence reduction under the retroactive application of Amendment 821, his motion is denied.

Except as otherwise provided, all provisions of the judgment dated  03/16/2022  shall remain in effect.
**IT IS SO ORDERED.**

Order Date:  01/08/2024

_____
Judge's signature

Effective Date: _____
*(if different from order date)*

U.S. District Judge
Printed name and title